

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. E. Davis, Dean
North Texas Agricultural College
Arlington, Texas

Dear Sir:

Opinion No. O-2775
Re: Reciprocal fee law as
applied to minor child
of parents who have
moved from Texas to
Illinois.

In your letter of September 20, 1940, you advised
us that you have a student who is due for graduation this
year and whose parents moved from the town of Kilgore, Texas
to the state of Illinois a little more than a year ago.
This student has been attending North Texas Agricultural
College since prior to the removal of his parents from the
state of Texas. You request our opinion as to whether the
out-of-state fee provided in Article 2654c, Vernon's Civil
Statutes should be charged against this student.

Among the other provisions of said Article 2654c
we find the following:

"From each non-resident student, who registers
for twelve (12) or more semester or term hours of
work an amount equivalent to the amount charged
students from Texas by similar schools in the State
of which the said non-resident student shall be a
resident, said amount to be determined and fixed by
the governing boards of the several institutions
in which said students may register, but in no event
shall such amount be less than that charged to
students resident in Texas. Provided, however, that
if this paragraph shall be held to be unconstitu-
tional or void from any cause, there shall be col-
lected from each non-resident student the sum of
One Hundred Dollars ($100.00) for each semester or
Sixty-six Dollars and Sixty-seven Cents ($66.67)
for each term. A non-resident student is hereby
defined to be a student of less than twenty-one
(21) years of age, living away from his family and

Honorable E. E. Davis, Dean, Page 2

whose family resides in another State, or whose family has resided within this State for a period of time less than twelve (12) months prior to the date of registration, or a student of twenty-one (21) years of age or over who resides out of the State or who has resided within the State for a period of less than twelve (12) months prior to the date of registration."

From a reading of the last sentence in the above quoted section of the statute it is seen that a student under twenty-one years of age, living away from his family, and whose family resides in another state is a non-resident. From your letter we understand that the student in question is a minor. If the parents of this student changed their domicile from Texas to the state of Illinois, under the plain language of the statute we are compelled to advise you that the student must be considered a non-resident and required to pay fees accordingly. For further elaboration on the general subject matter of your inquiry we enclose copies of our Opinions Nos. 0-1459 and 0-2033.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:rw

APPROVED SEP 27, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _Bwr_
CHAIRMAN